Law Offices
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, New York 10178
(212) 309-6000
Attorneys for Defendant

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                  :

MING CHUNG,                           :
                                                  :
            Plaintiff,                :      1:16 cv 00474 (LTS)
                                                   :
           -against-                  :
                                                   :
JPMORGAN CHASE BANK,          :
                                                   :
           Defendant.             :
                                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

**DEFENDANT'S ANSWER AND DEFENSES**

        JPMorgan Chase Bank ("Chase," "Defendant" or the "Company"), by and through its

attorneys, Morgan, Lewis & Bockius LLP, hereby answers Plaintiff Ming Chung's ("Plaintiff")

("Complaint") in accordance with the numbered Paragraphs thereof as follows:

**PRELIMINARY STATEMENT**

        1.   Defendant avers that the allegations set forth in Paragraph 1 of the Complaint

constitute conclusions of law to which no response is required.  To the extent a response is

required, Defendant admits that Plaintiff purports to bring this action against Defendant

purportedly alleging pregnancy and disability discrimination under the New York City Human

Rights Law ("NYCHRL"), retaliation under the Family and Medical Leave Act ("FMLA"), as

well as common law claims for breach of contract, unjust enrichment and *quantum meruit*.

Defendant denies that it is liable under the NYCHRL, the FMLA and/or under any other statute,

1

regulation, common law principle or legal theory.  Defendant denies any remaining allegations set forth in Paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2.   Defendant avers that the allegations set forth in Paragraph 2 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant admits that Defendant is a citizen of Ohio with a location at  4 New York Plaza, New York NY 10004 and that Plaintiff purports to invoke subject matter jurisdiction in the United States District Court for the Southern District of New York (the "Court"). Defendant avers that it lacks sufficient knowledge or information to form a belief as to Plaintiff's citizenship.  Defendant denies any remaining allegations set forth in Paragraph 2 of the Complaint.

## TRIAL BY JURY

3.   Defendant admits that Plaintiff seeks a jury trial. Defendant denies that Plaintiff is entitled to a jury trial with respect to all or some of her claims.

## PARTIES

4.   Defendant avers that the allegations set forth in Paragraph 4 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant avers that it lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 4 of the Complaint.

5.   Defendant avers that the allegations set forth in Paragraph 5 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant admits that it is an Ohio corporation.  Defendant denies any remaining allegations set forth in Paragraph 5 of the Complaint.

6.   Defendant admits the allegations set forth in Paragraph 6 of the Complaint.

## STATEMENT OF FACTS

7.   Defendant admits that Plaintiff commenced her employment with Defendant in 2006 as an Associate.

8.   Defendant admits that Plaintiff was promoted to Vice President in the Investment Banking Department in or around 2009 and that she worked at 4 New York Plaza, New York NY 10004.  Defendant denies any remaining allegations set forth in Paragraph 8 of the Complaint.

9.   Upon information and belief, Defendant admits that Plaintiff informed Defendant that she was pregnant in or around 2012.

10. Defendant admits that Plaintiff was on a short-term disability leave from in or around July 2012 to in or around December 2012.  Defendant avers that it lacks sufficient knowledge or information to form a belief as to any remaining allegations set forth in Paragraph 10 of the Complaint.

11. Defendant admits that Plaintiff was on parental leave from in or around December 2012 to in or around February 2013.  Defendant denies any remaining allegations set forth in Paragraph 11 of the Complaint.

12. Defendant admits that Plaintiff returned to work from leave in or about February 2013 on a full-time schedule and worked remotely for a period of time.  Defendant denies any remaining allegations set forth in Paragraph 12 of the Complaint.

13. Defendant admits that Plaintiff requested to work from home for a period of time and that she reported to Defendant that such request related to childcare issues. Defendant avers that it lacks sufficient knowledge or information to form a belief as to any remaining allegations set forth in Paragraph 13 of the Complaint.

14. Defendant admits that Plaintiff informed Josh Simon, then an Executive Director in Global Technology, that she was pregnant in or around 2014.

15. Defendant admits that Plaintiff was on a short-term disability leave from in or around August 2014 to in or around October 2014.   Defendant avers that it lacks sufficient knowledge or information to form a belief as to any remaining allegations set forth in Paragraph 15 of the Complaint.

16. Defendant admits that Plaintiff was on parental leave from in or around October 2014 to in or around February 2015.  Defendant admits that Plaintiff informed Defendant that she had given birth to a child in October 2014.  Defendant avers that it lacks sufficient knowledge or information to form a belief as to any remaining allegations set forth in Paragraph 16 of the Complaint.

17. Defendant admits that while Plaintiff was on maternity leave, Plaintiff and Mr. Simon communicated as to whether Plaintiff would return from leave on a part-time or full-time schedule, that Plaintiff indicated that she wanted to return on a part-time schedule, that Mr. Simon and Plaintiff signed a Flexible Work Options Request/Agreement Form, and that Mr. Simon's manager was informed about Plaintiff's request.  Defendant denies any remaining allegations set forth in Paragraph 17 of the Complaint.

18. Defendant admits that at Plaintiff's request, she returned to work from leave at a reduced schedule and reduced salary.

19. Defendant admits that Mr. Simon informed Plaintiff that he was transferring to another department.  Defendant denies any remaining allegations set forth in Paragraph 19 of the Complaint.

DB1/ 86595090.8

4

20. Defendant admits that Mr. Simon transferred to another department in or around February or March 2015 and made arrangements for Plaintiff to also transfer to that department. Defendant denies any remaining allegations set forth in Paragraph 20 of the Complaint.

21. Defendant admits the allegations set forth in Paragraph 21 of the Complaint.

22. Defendant admits that Mr. Chambers was aware that Plaintiff had worked remotely for a period of time.  Defendant denies any remaining allegations set forth in Paragraph 22 of the Complaint.

23. Defendant admits the allegations set forth in Paragraph 23 of the Complaint.

24. Defendant avers that the "writing" referenced in Paragraph 24 of the Complaint is a document that speaks for itself and denies any remaining allegations set forth in Paragraph 24 of the Complaint.

25. Defendant admits that in light of Plaintiff's work hours, Chase retroactively changed her part-time status and pay to full-time status with full-time pay.  Defendant denies any remaining allegations set forth in Paragraph 25 of the Complaint.

26. Defendant admits that Mr. Simon indicated to Plaintiff that new management expected all employees to work from the office as often as feasible.  Defendant denies any remaining allegations set forth in Paragraph 26 of the Complaint.

27. Defendant admits that Mr. Simon's job required him to work in different offices and travel to different offices.  Defendant denies any remaining allegations set forth in Paragraph 27 of the Complaint.

28. Upon information and belief, Defendant admits the allegations set forth in Paragraph 28 of the Complaint.

29. Defendant avers that the "proposal" referenced in Paragraph 29 of the Complaint, to the extent it exists, is a document that speaks for itself.  Defendant admits that Chase retroactively changed Plaintiff's part-time status and pay to full-time status with full-time pay. Defendant denies any remaining allegations set forth in Paragraph 29 of the Complaint.

30. Defendant admits that Chase retroactively changed Plaintiff's part-time status and pay to full-time status with full-time pay.  Defendant denies any remaining allegations set forth in Paragraph 30 of the Complaint.

31. Defendant denies the allegations set forth in Paragraph 31 of the Complaint.

32. Defendant avers that the allegations set forth in Paragraph 32 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 32 of the Complaint.

33. Defendant admits that Chase retroactively changed Plaintiff's part-time status and pay to full-time status with full-time pay. Defendant denies any remaining allegations set forth in Paragraph 33 of the Complaint.

34. Defendant admits the allegations set forth in Paragraph 34 of the Complaint.

35. Defendant avers that the paychecks referenced in Paragraph 35 of the Complaint are documents that speak for themselves and that Chase retroactively changed Plaintiff's part-time status and pay to full-time status with full-time pay. Defendant denies any remaining allegations set forth in Paragraph 35 of the Complaint.

36. Defendant avers that the email referenced in Paragraph 36 of the Complaint is a document that speaks for itself.

37. Defendant admits that Plaintiff spoke with Mr. Simon about her meeting with representatives from Defendant's Global Security & Investigations Department.  Defendant denies any remaining allegations set forth in Paragraph 37 of the Complaint.

38. Defendant denies the allegations set forth in Paragraph 38 of the Complaint.

39. Defendant admits that Plaintiff met with Rory O'Connor and Peter Salerno on or around June 18, 2015 and that they discussed certain cash deposits made to Plaintiff's bank account during a certain period.  Defendant denies any remaining allegations set forth in Paragraph 39 of the Complaint.

40. Defendant admits that Plaintiff denied making some or all the transactions that were being discussed.  Defendant denies any remaining allegations set forth in Paragraph 40 of the Complaint.

41. Defendant admits that Plaintiff suggested that her sister was responsible for the transactions that were being discussed.  Defendant denies any remaining allegations set forth in Paragraph 41 of the Complaint.

42. Defendant avers that Plaintiff indicated that she would contact her sister concerning the transactions at issue.  Defendant denies any remaining allegations set forth in Paragraph 42 of the Complaint.

43. Defendant denies the allegations set forth in Paragraph 43 of the Complaint.

44. Defendant avers that the allegations set forth in Paragraph 44 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 44 of the Complaint.

45. Defendant avers that it lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 45 of the Complaint.

46. Defendant admits that, in or around June 2015, Plaintiff inquired to Mr. Simon about the investigation and that Mr. Simon indicated he did not have any additional information. Defendant denies any remaining allegations set forth in Paragraph 46 of the Complaint.

47. Defendant avers that the instant message referenced in Paragraph 47 of the Complaint, to the extent it exists, is a document that speaks for itself.  Defendant admits that Plaintiff attended a meeting in Mr. Chambers' office on or around July 2, 2015 and that Mr. Simon joined the meeting by telephone.  Defendant denies any remaining allegations set forth in Paragraph 47 of the Complaint.

48. Defendant admits the allegations set forth in Paragraph 48 of the Complaint.

49. Defendant denies the allegations set forth in Paragraph 49 of the Complaint.

50. Defendant denies the allegations set forth in Paragraph 50 of the Complaint.

51. Defendant avers that it lacks sufficient knowledge or information to form a belief as to how Plaintiff may purportedly "feel."  Defendant denies any remaining allegations set forth in Paragraph 51 of the Complaint.

52. Defendant avers that the allegations set forth in Paragraph 44 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 52 of the Complaint.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

## Violation of the NYCHRL for Unlawful Termination Because of Pregnancy

53. Defendant repeats and realleges its responses to the allegations set forth in Paragraphs 1 through 52 of the Complaint with the same force and effect as if fully set forth herein.

54. Defendant avers that the allegations set forth in Paragraph 54 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant admits the allegations set forth in Paragraph 54 of the Complaint.

55. Defendant avers that the allegations set forth in Paragraph 55 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 55 of the Complaint.

56. Defendant avers that the allegations set forth in Paragraph 56 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 56 of the Complaint.

57. Defendant avers that the allegations set forth in Paragraph 57 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 57 of the Complaint.

## SECOND CAUSE OF ACTION

### Violation of the NYCHRL for Unlawful Termination Because of Disability

58. Defendant repeats and realleges its responses to the allegations set forth in Paragraphs 1 through 57 of the Complaint with the same force and effect as if fully set forth herein.

59. Defendant avers that it lacks sufficient knowledge or information to form a belief as to any remaining allegations set forth in Paragraph 59 of the Complaint.

60. Defendant avers that the allegations set forth in Paragraph 60 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant admits the allegations set forth in Paragraph 60 of the Complaint.

61. Defendant avers that the allegations set forth in Paragraph 61 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 61 of the Complaint.

62. Defendant avers that the allegations set forth in Paragraph 62 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 62 of the Complaint.

63. Defendant avers that the allegations set forth in Paragraph 63 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 63 of the Complaint.

### THIRD CAUSE OF ACTION

### Quantum Meruit

64. Defendant repeats and realleges its responses to the allegations set forth in Paragraphs 1 through 63 of the Complaint with the same force and effect as if fully set forth herein.

65. Defendant admits that Chase retroactively changed Plaintiff's part-time status and pay to full-time status with full-time pay.  Defendant denies any remaining allegations set forth in Paragraph 65 of the Complaint.

66. Defendant admits that Chase retroactively changed Plaintiff's part-time status and pay to full-time status with full-time pay.  Defendant denies any remaining allegations set forth in Paragraph 66 of the Complaint.

67. Defendant avers that the allegations set forth in Paragraph 67 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff worked full-time in June 2015.  Defendant denies any remaining allegations set forth in Paragraph 67 of the Complaint.

68. Defendant avers that the allegations set forth in Paragraph 68 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 68 of the Complaint.

69. Defendant avers that the allegations set forth in Paragraph 69 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 69 of the Complaint.

## FOURTH CAUSE OF ACTION

### Breach of Contract

70. Defendant repeats and realleges its responses to the allegations set forth in Paragraphs 1 through 69 of the Complaint with the same force and effect as if fully set forth herein.

71. Defendant admits that Chase retroactively changed Plaintiff's part-time status and pay to full-time status with full-time pay.  Defendant denies any remaining allegations set forth in Paragraph 71 of the Complaint.

72. Defendant admits that at Plaintiff's request, she returned to work from leave at a reduced schedule and reduced salary and that Mr. Simon and Plaintiff signed a Flexible Work Options Request/Agreement Form that allowed her to work at a reduced schedule.  Defendant also admits that Chase retroactively changed Plaintiff's part-time status and pay to full-time status with full-time pay. Defendant denies any remaining allegations set forth in Paragraph 72 of the Complaint.

73. Defendant avers that the allegations set forth in Paragraph 73 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies that the Flexible Work Options Request/Agreement Form was a contract or that it created a contract of employment.

74. Defendant admits the allegations set forth in Paragraph 74 of the Complaint.

75. Defendant avers that the allegations set forth in Paragraph 75 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant admits that Chase retroactively changed Plaintiff's part-time status and pay to full-time status with full-time pay. Defendant denies any remaining allegations set forth in Paragraph 75 of the Complaint.

76. Defendant avers that the allegations set forth in Paragraph 76 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 76 of the Complaint.

77. Defendant avers that the allegations set forth in Paragraph 77 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 77 of the Complaint.

78. Defendant avers that the allegations set forth in Paragraph 78 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 78 of the Complaint.

## FIFTH CAUSE OF ACTION

### Unjust Enrichment

79. Defendant repeats and realleges its responses to the allegations set forth in Paragraphs 1 through 78 of the Complaint with the same force and effect as if fully set forth herein.

80. Defendant admits that Chase retroactively changed Plaintiff's part-time status and pay to full-time status with full-time pay. Defendant denies any remaining allegations set forth in Paragraph 80 of the Complaint.

81. Defendant admits that in Chase retroactively changed Plaintiff's part-time status and pay to full-time status with full-time pay. Defendant denies any remaining allegations set forth in Paragraph 81 of the Complaint.

82. Defendant avers that the allegations set forth in Paragraph 82 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 82 of the Complaint.

83. Defendant avers that the allegations set forth in Paragraph 83 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 83 of the Complaint.

84. Defendant avers that the allegations set forth in Paragraph 84 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 84 of the Complaint.

**PLAINTIFF'S PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to any relief in this action, including the remedies described in, and relief requested in, the WHEREFORE paragraphs of the Complaint, including in sub-paragraphs (A) through (I) thereof.

**JURY DEMAND**

To the extent Plaintiff has requested a jury trial, Defendant denies that Plaintiff is entitled to a jury trial with respect to all or some of her claims.

**GENERAL DENIAL**

Defendant denies each and every allegation in the Complaint not specifically admitted herein.

## DEFENSES

Defendant asserts the following defenses without conceding that Defendant bears the burden of proof as to any of the following defenses.  Defendant reserves the right to assert such additional defenses that may appear and prove applicable during the course of this litigation.

### FIRST DEFENSE

Plaintiff's claims are barred for failure to state a claim upon which relief may be granted.

### SECOND DEFENSE

Each and every action taken by Defendant with regard to the employment of Plaintiff (if any) was based on legitimate, non-discriminatory/non-retaliatory business reasons.

### THIRD DEFENSE

Although Defendant denies any wrongdoing, Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent discriminatory behavior and Plaintiff unreasonably failed to take advantage of preventative and corrective opportunities provided by Defendant or to otherwise avoid harm.

### FOURTH DEFENSE

To the extent that Plaintiff suffered any injuries, which is denied, Plaintiff failed to minimize or mitigate damages.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations, laches, estoppel, waiver, offset and/or set off, unjust enrichment or other equitable defenses.

## SIXTH DEFENSE

To the extent applicable, Plaintiff claims are barred to the extent Plaintiff failed to exhaust her administrative remedies and/or satisfy other procedural/administrative requirements.

## SEVENTH DEFENSE

Any claim for punitive damages is barred because at all relevant times Defendant made a good faith effort to comply with all applicable statutes and laws and without malice, willfulness or evil intent.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## NINTH DEFENSE

An award of punitive damages under the circumstances of this case would contain an excessive fine and otherwise would be in violation of Defendant's due process and other rights under the United States Constitution and the laws of the State of New York.

## TENTH DEFENSE

Plaintiff's damages, if any (entitlement to which is denied) must be offset in whole or in part by amounts already collected by Plaintiff.

## ELEVENTH DEFENSE

Plaintiff's claims are frivolous, unreasonable, and groundless and, accordingly, Defendant is entitled to recover all costs and attorneys' fees incurred herein based on, *inter alia*,

the United States Supreme Court's decision in <u>Christiansburg Garment Co. v. EEOC</u>, 434 U.S.

412 (1978).

## TWELFTH DEFENSE

Although Defendant denies any wrongdoing, if Plaintiff can somehow establish a

discriminatory motive that was a factor in any action taken by Defendant against Plaintiff (if

any), Defendant reserves the right to rely on the mixed-motive defense, if applicable.

## THIRTEENTH DEFENSE

Plaintiff was not subjected to severe or pervasive harassment and no condition of

employment was altered because of any alleged harassment.

## FOURTEENTH DEFENSE

Plaintiff's claims under the NYCHRL are barred in whole or in part by her failure to

serve a copy of the Complaint on the New York City Commission on Human Rights.

## FIFTEENTH DEFENSE

To the extent applicable, Defendant has established, implemented and complied with

policies, programs and procedures for the prevention and detection of unlawful discriminatory

practices in accordance with all applicable laws.

## SIXTEENTH DEFENSE

To the extent applicable, all relevant factors should be considered in accordance with § 8-

107(13)(e)-(f) and § 8-126(b) of the NYCHRL.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant did not aid, abet,

approve or condone the allegedly discriminatory, retaliatory and/or harassing conduct.

## EIGHTEENTH DEFENSE

Any allegedly harassing conduct was nothing but petty slights or trivial inconveniences.

## NINETEENTH DEFENSE

Plaintiff is not a covered individual with a covered disability under the NYCHRL and/or any other applicable laws.

## TWENTIETH DEFENSE

Even if Plaintiff could establish that she engaged in any protected activity -- which did not occur and which, therefore, Plaintiff cannot prove -- any such activity was not considered when Defendant decided to impose any allegedly adverse employment action (if any).

## TWENTY-FIRST DEFENSE

To the extent applicable, Plaintiff's NYCHRL claims are barred to the extent Plaintiff elected her remedies.

## TWENTY-SECOND DEFENSE

Plaintiff never requested or sought a reasonable accommodation.

## TWENTY-THIRD DEFENSE

In the alternative, and without in any way waiving the foregoing, in the event that it is determined that Plaintiff is disabled and is a qualified individual with a covered disability, Defendant avers that it met any obligations to engage in an interactive process with Plaintiff to identify reasonable accommodations (if applicable).

## TWENTY-FOURTH DEFENSE

In the alternative, and without in any way waiving the foregoing, Defendant avers that, to the extent applicable, reasonable accommodations were made available to Plaintiff, which Plaintiff rejected.

## TWENTY-FIFTH DEFENSE

In the alternative, and without in any way waiving the foregoing, Defendant avers that, to the extent applicable, any requested accommodations that were not provided, if any, were unreasonable or created an undue burden to Defendant and that Plaintiff could not, with reasonable accommodation, satisfy the essential requisites of the job.

## TWENTY-SIXTH DEFENSE

To the extent applicable, any purported reliance by Plaintiff on alleged oral promises was unreasonable.

## TWENTY-SEVENTH DEFENSE

Plaintiff's claims are barred in part by the Statute of Frauds.

## TWENTY-EIGHTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of accord and satisfaction, and payment.

## TWENTY-NINTH DEFENSE

Plaintiff was at all times an at-will employee of Defendant.

## RESERVATION OF RIGHTS

Defendant reserves the right to assert additional defenses as Plaintiff's claims are clarified in the course of this litigation.

WHEREFORE, Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice and that Defendant be awarded its costs and expenses, including reasonable attorney fees, incurred in defending this action.


Dated:  New York, New York
        March 17, 2016

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By:    /s/ Melissa C. Rodriguez
        Melissa C. Rodriguez

101 Park Avenue
New York, NY 10178
Tel.: (212) 309-6000
Fax: (212) 309-6001

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served by ECF a true and correct copy of Defendant's Answer and Defenses on this 17th day of March, 2016, on:

Walker G. Harman
Owen H. Laird
The Harman Law Firm, LLP
220 Fifth Avenue, Suite 900
New York, NY 10001
*Attorneys for Plaintiff*

I certify that the foregoing statements are true, under penalty of perjury.


___/s/ Melissa C. Rodriguez_____
Melissa C. Rodriguez

DB1/ 86595090.8